**H1 LAW GROUP**
Jill Garcia, NV Bar No. 7805
jill@h1lawgroup.com
Amy L. Howard, NV Bar No. 13946
ahoward@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone   702-608-3720
Fax     702-703-1063

*Attorneys for Plaintiff*
*Wendy Regge*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WENDY REGGE, an individual,<br><br>         Plaintiff,<br><br>vs.<br><br>WYNDHAM VACATION OWNERSHIP, INC., a Nevada corporation; DEMETRIUS BARNES, an individual; DOES I through X, inclusive; and ROE BUSINESS ENTITIES, I through X, inclusive,<br><br>         Defendants. | Case No. 2:21-cv-02235<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Wendy Regge ("Regge"), by and through her undersigned counsel, files this Complaint against Defendants Wyndham Vacation Ownership, Inc. ("Wyndham") and Demetrius Barnes ("Barnes") (together, the "Defendants"), and states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This is an action for damage brought by Plaintiff Regge for unlawful workplace discrimination and harassment based on sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., ("Title VII") and Nevada Revised Statute § 613.330, et seq.; for violation of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008, 42 U.S.C. § 12101 et seq ("ADA"); for violation of the Family and Medical Leave Act of 1993, 29 U.S.C § 2601 *et seq.* ("FMLA"); and for certain other claims brought pursuant to Nevada law as outlined below.

2. Plaintiff Regge is, and was at all relevant times, an individual residing in Nevada.

3. Defendant Wyndham is, and was at all relevant times hereto, a corporation organized under the laws of the State of Delaware, with operations located in Las Vegas, Nevada.

4. Wyndham employs 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and is therefore subject to the provisions of Title VII and the Nevada statutes outlined herein.

5. Wyndham employs 15 or more employees and is a "covered entity" within the meaning of the ADA.

6. Wyndham employs 50 or more employees and is an "employer" within the meaning of the FMLA.

7. Defendant Barnes, an individual residing in Nevada, is a Floor Supervisor at Wyndham. At all times referenced herein, Barnes was responsible for the acts described while acting in his capacity as a supervisor for Wyndham..

8. All of the acts and/or failures to act alleged herein were duly performed by and/or are attributable to Defendants, individually or acting by and through their agents and employees. Said acts and/or failures to act were within the scope of any agency or employment, or were ratified by Defendants.

9. The names and capacities, whether individual, corporate, associate or otherwise, of Defendants and/or their alter egos sued herein as DOES I through X, and ROE Business Entities I through X, inclusive, are presently unknown, and Plaintiff therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names of any and all Doe and Roe defendants as alleged herein and/or after their true names and capacities are ascertained.

10. This Court has primary jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question) because Regge is making claims under Title VII, the ADAAA, and the FMLA. Additionally, this Court has supplemental jurisdiction over any state law claims pled pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this district because all material allegations in this Complaint are believed to have occurred in Clark County, Nevada. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b)(2).

**EXHAUSTION OF ADMINISTRATIVE REMEDY**

12. Regge incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

13. On or about March 9, 2021, Regge initiated the process of filing a Charge of Discrimination against her former employer Wyndham, a defendant named in this action with the Nevada Equal Rights Commission, wherein she alleged discrimination and harassment based on sex, disability, and/or retaliation.

14. On or about September 28, 2021, the EEOC issued a Notice of Right to Sue.

15. This action is timely filed pursuant to 42 U.S.C § 2000e-5(f).

16. Plaintiff has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with the Court.

**GENERAL ALLEGATIONS**

17. Regge incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

*Wyndham Hires Regge*

18. On or about August 9, 2019, Wyndham hired Regge as a sales representative in its Las Vegas office.

19. Prior to her employment with Wyndham, Regge worked as a successful realtor.

20. Given her success and experience in real estate sales, Regge had the potential to become a top sales representative at Wyndham, but was prohibited from succeeding by Defendants' conduct as described herein.

/ / /

/ / /

/ / /



H1 LAW GROUP
701 N. Green Valley Parkway, Suite 200
Henderson, Nevada 89074
Tel: 702-608-3720   Fax:

*Barnes Subjects Regge to Constant Unlawful Sexual Harassment*

21. During her employment with Wyndham, Regge reported to Barnes, a Floor Supervisor at Wyndham's Las Vegas Office.

22. In his role as her supervisor, Barnes oversaw Regge's work, including assisting her as a Take-Over Manager in closing deals.

23. Beginning in October 2019, Barnes constantly subjected Regge to unwelcome verbal and physical conduct of a sexual nature both at work and outside of work.

24. Barnes sent Regge text messages of a sexual nature, including pictures of his genitals. Barnes also called Regge and engaged in sexually explicit video calls with her.

25. In even further egregious conduct, Barnes forced Regge to engage in numerous sexual encounters with him.

26. For example, on one occasion, when Regge walked to her vehicle in the parking lot after work, Barnes was parked in his vehicle next to her vehicle. Barnes told her to get into his vehicle and she complied.

27. After talking for a while in the vehicle, Barnes exposed his genitals, grabbed Regge's head and pulled it towards his genitals, and forced her head up and down to perform oral sex on him. In this instance, Regge successfully managed to escape Barnes' grip and got away.

28. On another occasion, when Regge walked to her vehicle in the parking lot after work, she found Barnes lingering at the driver's side of her vehicle.

29. Fearful that Barnes would repeat a sexual attack, Regge attempted to get into her vehicle and leave, but Barnes inserted himself between her door and car, blocking Regge from closing her door and preventing her from being able to leave.

30. Again, Barnes exposed his genitals, grabbed Regge's head and pulled it towards his genitals, and forced her head up and down to perform oral sex on him. This time Regge was unable to get away. Barnes would not let her head go until he gratified himself.

/ / /

/ / /

31. On yet another occasion, when Regge was inside the office, Barnes instructed Regge to come with him and walk down the hallway where the lights were off. Fearful that Barnes would force her to engage in another sexual act, Regge told him she would not go there.

32. Barnes responded by forcibly yanking Regge into the women's bathroom. Again, Barnes exposed his genitals, grabbed Regge's head and pulled it towards his genitals, and forced her head up and down to perform oral sex on him. Regge was unable to get away until after Barnes gratified himself.

33. Although Barnes' conduct detailed herein was unwelcome and made Regge extremely uncomfortable, she felt obligated to participate and stay silent because she relied heavily on Barnes' supervisory guidance as a newer sales representative, including his assistance in closing deals, in order to keep her job.

34. Tellingly, Barnes would only communicate with Regge and help her with her work so long as they were sexually texting, video calling, or engaging in sexual acts. As soon as the sexual communications and acts with Regge stopped, Barnes would cease communications with Regge and cease assisting her with her work.

**Regge's Disability is Exacerbated Due to the Hostile Work Environment and Wyndham Refuses Regge's Multiple Requests for Leave**

35. At the time of her hiring in August 2019, Regge was a recovered alcoholic, as she had a history of alcoholism but no longer drank.

36. Regge suffered severe mental and emotional distress due to Barnes' egregious conduct detailed herein. Unfortunately, this severe distress resulted in a relapse of alcoholism.

37. Regge sought treatment and entered rehabilitation several times.

38. In December 2019, Wyndham began to process Regge's termination based on unexcused absences from work while she was in rehabilitation.

39. Regge disclosed her medical condition to Wyndham and applied for an intermittent leave of absence, which Wyndham initially approved. Wyndham excused the absences at issue in December 2019 and did not terminate Regge at that time.

40. Despite the fact that Regge had not exhausted her approved intermittent leave and provided a note from her care provider explaining that she required additional time off from work, Wyndham unilaterally closed Regge's leave prematurely and informed her that she must reapply for a leave of absence.

41. Regge reapplied for a leave of absence on at least five occasions thereafter. Wyndham denied her request each time.

42. In so doing, Wyndham refused Regge's multiple requests for a reasonable accommodation under the ADA, as well as leave under the FMLA.

***Wyndham Wrongfully Terminates Regge***

43. On September 21, 2020, Wyndham terminated Regge's employment.

44. Wyndham informed Regge that the reason for her termination was unexcused absences.

45. This stated reason is not true, but instead is a pretext for unlawful discrimination, harassment, and/or retaliation.

46. Regge was terminated due to her refusal to continue engaging in sexual conduct with Barnes and/or in retaliation for requesting an accommodation in the form of a leave.

***Wyndham Overtly Tolerated Inappropriate Behavior by Barnes and Took No Action to Remedy the Hostile Work Environment***

47. Upon information and belief, Regge is not the first woman at Wyndham to be sexually harassed by Barnes.

48. Upon information and belief, Wyndham received prior complaints about Barnes' sexual misconduct while working at another location. Also upon information and belief, this was part of the reason why Wyndham transferred Barnes to the Las Vegas office.

49. As detailed herein, Barnes' sexual misconduct continued following his transfer to the Las Vegas office.

50. Upon information and belief, Wyndham terminated at least two other female employees in the Las Vegas office that Barnes sexually harassed.

/ / /

51. Taken together, Wyndham overtly tolerated unlawful behavior by Barnes and took no action to remedy this hostile work environment.

*Regge Suffered Mentally and Emotionally as a Result of Defendants' Conduct*

52. Regge suffered significant mental and emotional distress due to the hostile work environment at Wyndham.

53. Regge was extremely embarrassed and uncomfortable when Barnes would initiate sexualized texts and video calls.

54. Regge also experienced severe stress and anxiety when Barnes forced her to perform sexual acts on numerous occasions. She experienced further stress and anxiety when Barnes refused to assist her at work when she was not engaging in sexual conduct with him.

55. The severe stress and anxiety Regge suffered as a result of conduct listed above resulted in Regge suffering a relapse of her medical condition, for which she entered rehabilitation several times.

56. Regge also experienced severe stress and anxiety when Wyndham prematurely closed her approved intermittent leave of absence and refused her reapplications for leave at least five times thereafter.

## CAUSES OF ACTION

**COUNT I – Discrimination Based on Sex in Violation of Title VII and NRS § 613.330**

**(Defendant Wyndham)**

57. Regge incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

58. Regge is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on sex (female), including harassment of a sexual nature.

59. Wyndham is an employer subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq. and Title VII, and thus, has a legal obligation to provide Regge with a work environment free from discrimination and harassment.

/ / /

60. Wyndham refused to take reasonably adequate steps to prevent discrimination and harassment against Regge.

61. Wyndham discriminated against Regge and subjected her to harassment when she was subjected to verbal and physical conduct of a sexual nature both at work and outside of work by, among other things, Barnes forcing Regge to engage in sexual acts with him on multiple occasions, Barnes sending sexual texts including pictures of his genitals to Regge, Barnes engaging in sexual video calls with Regge, and Barnes conditioning his supervisory assistance of Regge at work upon engaging in sexual conduct with him.

62. The foregoing conduct was unwelcome.

63. The foregoing conduct was sufficiently severe or pervasive to alter the conditions of Regge's employment and create an abusive working environment.

64. Wyndham failed to remedy the foregoing conduct of which it knew or should have known.

65. No other similarly situated persons, not of Regge's protected class, were subject to the same or substantially similar conduct.

66. Regge has suffered damages including lost wages (including back pay and front pay), lost employment, lost benefits, lost earning capacity, lost opportunities, emotional pain and suffering, inconvenience, mental anguish, and lost enjoyment of life in an amount to be proven at trial.

67. Wyndham intentionally, voluntarily, deliberately, and willfully retaliated against, discriminated against, and terminated Regge, and such actions were intentional, willful, malicious, and/or done with reckless disregard for Regge's protected rights.

68. Due to Wyndham's violations of Title VII and NRS 613.340, Regge was forced to bring this action and is entitled to recover her attorney's fees and costs.

69. Further, Wyndham violated Title VII and NRS 613.340 with an intent to injure Regge or with a conscious disregard of her rights.

/ / /

/ / /

70. Wyndham's violations of Title VII and NRS 613.340 constitute despicable conduct that subjected Regge to cruel and unjust hardship with a conscious disregard of her rights.

71. Regge requests relief as described in the Prayer for Relief below.

### COUNT II – Failure to Accommodate in Violation of the ADA
### (Defendant Wyndham)

72. Regge incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

73. The ADA requires employers to provide reasonable accommodations to qualified applicants or employees.

74. Regge is disabled within the meaning of the ADA.

75. Wyndham, an ADA covered employer, had notice of her disability.

76. Regge requested a leave of absence as a reasonable accommodation to obtain treatment for her disability on at least five occasions.

77. Wyndham refused Regge's request each time.

78. Wyndham, through its managers and directors, failed to accommodate Regge when it refused Regge's requests for leave.

79. Regge was denied a reasonable accommodation and subjected to unequal terms and conditions of employment due to her disability in violation of the ADA.

80. Wyndham failed to adequately supervise, control, discipline or otherwise penalize the conduct, acts, and failures of its employees and thereby ratified these wrongful actions.

81. Regge has suffered damages including lost wages (including back pay and front pay), lost employment, lost benefits, lost earning capacity, lost opportunities, emotional pain and suffering, inconvenience, mental anguish, and lost enjoyment of life in an amount to be proven at trial.

82. Wyndham intentionally, voluntarily, deliberately, and willfully retaliated, discriminated, and terminated Regge, and such actions were intentional, willful, malicious, and/or done with reckless disregard for Regge's protected rights.

83. Due to Wyndham's violations of the ADA, Regge was forced to bring this action and is entitled to recover her attorney's fees and costs.

84. Further, Wyndham violated the ADA with an intent to injure Regge or with a conscious disregard of her rights.

85. Wyndham's violations of the ADA constitute despicable conduct that subjected Regge to cruel and unjust hardship with a conscious disregard of her rights.

86. Regge requests relief as described in the Prayer for Relief below.

### COUNT III – Retaliation in Violation of the ADA and NRS 613.340
### (Defendant Wyndham)

87. Regge incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

88. The ADA prohibits employers from retaliating against employees when engaging in protected activities.

89. NRS 613.340 likewise prohibits retaliation on the basis of disability.

90. Regge engaged in a protected activity when she requested, to Wyndham management, leave as a reasonable accommodation for her disability.

91. Wyndham, through its managers and directors, took materially adverse actions and otherwise retaliated against Regge for participating in this protected activity when it:

    a. Denied Regge the reasonable accommodation of leave; and

    b. Terminated Regge.

92. The above listed materially adverse employment actions would deter a reasonable person from engaging in activity protected under the ADA and NRS 613.340.

93. Wyndham failed to adequately supervise, control, discipline or otherwise penalize the conduct, acts, and failures of its employees and thereby ratified these wrongful actions.

94. Wyndham's material adverse actions would not have occurred but for the retaliation.

95. Regge has suffered damages including lost wages (including back pay and front pay), lost employment, lost benefits, lost earning capacity, lost opportunities, emotional pain and

suffering, inconvenience, mental anguish, and lost enjoyment of life in an amount to be proven at trial.

96. Wyndham intentionally, voluntarily, deliberately, and willfully retaliated against, discriminated against, and terminated Regge, and such actions were intentional, willful, malicious, and/or done with reckless disregard for Regge's protected rights.

97. Due to Wyndham's violations of the ADA and NRS 613.340, Regge was forced to bring this action and is entitled to recover her attorney's fees and costs.

98. Further, Wyndham violated the ADA and NRS 613.340 with an intent to injure Regge or with a conscious disregard of her rights.

99. Wyndham's violations of the ADA and NRS 613.340 constitute despicable conduct that subjected Regge to cruel and unjust hardship with a conscious disregard of her rights.

100. Regge requests relief as described in the Prayer for Relief below.

**COUNT IV – Violation of the FMLA**

**(Defendant Wyndham)**

101. Regge incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

102. Under the FMLA, Regge was "entitled to a total of 12 workweeks of leave during any 12-month period." 29 U.S.C. § 2612(a)(1).

103. Two claims for recovery are available under the FMLA: an interference/denial of rights claim and a discrimination or retaliation claim.

104. For the first claim, the FMLA provides that an employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise" FMLA rights. 29 U.S.C. § 2615(a)(1).

105. For the second claim, an employer is further prohibited from discriminating or retaliating against an employee for having exercised or attempted to exercise any FMLA right. *Id.* § 2615(a)(2).

/ / /

/ / /

11

106. During Regge's employment with Wyndham, Wyndham, by and through its agents and employees, interfered with, and retaliated against Regge in the terms, conditions, and privileges of employment in various ways including violations of the FMLA.

107. Regge was an eligible employee to take FMLA leave.

108. Regge applied for a leave of absence on at least five occasions. Wyndham denied her request each time.

109. In so doing, Wyndham interfered with Regge's rights to take unpaid leave from work in violation of the FMLA.

110. In addition, Wyndham retaliated against Regge in violation of the FMLA by terminating her for having exercised or attempted to exercise any FMLA right.

111. Wyndham intentionally, voluntarily, deliberately, and willfully interfered with Regge's exercise of rights under the FMLA, and such actions were intentional, willful, malicious and/or done with reckless disregard for Regge's protected rights.

112. Due to Wyndham's violations of the FMLA, Regge was forced to bring this action and is entitled to recover her attorney's fees and costs.

113. Further, Wyndham violated the FMLA with an intent to injure Regge or with a conscious disregard of her rights.

114. Wyndham's violations of the FMLA constitute despicable conduct that subjected Regge to cruel and unjust hardship with a conscious disregard for her rights.

115. Regge requests relief as described in the Prayer for Relief below.

**COUNT V – Intentional Infliction of Emotional Distress**

**(All Defendants)**

116. Regge incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

117. Defendants' conduct was extreme and outrageous in constantly subjecting Regge to sexual harassment including, without limitation, Barnes forcing Regge to engage in sexual acts with him on multiple occasions, Barnes sending sexual texts including pictures of his

/ / /

genitals to Regge, Barnes engaging in sexual video calls with Regge, and Barnes conditioning his supervisory assistance of Regge at work upon engaging in sexual conduct with him.

118. Wyndham's conduct was further extreme and outrageous when it prematurely closed Regge's approved intermittent leave of absence, instructed Regge to reapply for leave, denied Regge's requests for leave at least five times, and terminated her employment for the pretextual reason of unexcused absences.

119. Defendants intended to cause emotional distress to Regge or acted with reckless disregard of causing her emotional distress.

120. Regge suffered severe or extreme emotional distress as a result of Defendants' conduct including, but not limited to, severe or extreme emotional pain and suffering, inconvenience, mental anguish, and lost enjoyment of life.

121. Defendants violated Title VII with an intent to injure Regge or with a conscious disregard of her rights or safety.

122. Defendants' acts also constitute despicable conduct that subjected Regge to cruel and unjust hardship with a conscious disregard of her rights.

### JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For damages, the full amount to be determined at trial;
2. For punitive damages in an amount to be determined at trial;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3.       For attorneys' fees and costs as may be recoverable in connection with this suit; and,

4.       For such other and further relief as this court deems just and equitable.

Dated this 22nd day of December 2021.

                H1 LAW GROUP

                */s/ Jill Garcia*
                Jill Garcia, NV Bar No. 7805
                jill@h1lawgroup.com
                Amy L. Howard, NV Bar No. 13946
                ahoward@hone.law
                701 N. Green Valley Parkway, Suite 200
                Henderson NV 89074

                *Attorneys for Plaintiff*
                *Wendy Regge*